MC-351

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Guy L. Watts II, TX SBN 24005316<br>Watts Law Firm, L.L.P.<br>Bank of America Plaza, Suite 100<br>300 Convent Street, San Antonio, TX 78205<br>TELEPHONE NO.: 210.527.0500   FAX NO. (Optional): 210.527.0501<br>E-MAIL ADDRESS (Optional): gwatts@wattslawfirm.com<br>ATTORNEY FOR (Name): Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 450 Golden Gate Avenue
MAILING ADDRESS: 450 Golden Gate Avenue
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Northern

CASE NAME: Aldaba, et al vs. Ford Motor Company, et al

| ORDER APPROVING: | CASE NUMBER: |
|---|---|
| ☐ COMPROMISE OF DISPUTED CLAIM<br>☑ COMPROMISE OF PENDING ACTION | 04:05369 |
| ☐ DISPOSITION OF PROCEEDS OF JUDGMENT | HEARING DATE: DEPT.: |
| ☑ Minor   ☐ Adult Person With A Disability | November 9, 2005   15 |

1. **Petitioner** (name): Rutilo Ruelas Aldaba   has petitioned for court approval of a proposed compromise of a disputed claim of a minor or a pending action involving a minor or an adult person with a disability, or a proposed disposition of the proceeds of a judgment for a minor or an adult person with a disability.

2. **Hearing**
   Date: November 9, 2005   Time: 10:00am   Dept.: 15   Judicial officer: Marilyn H. Patel

3. **Relationship to claimant**
   Petitioner is claimant's (check all applicable boxes):
   a. ☐ Parent
   b. ☑ Guardian ad litem
   c. ☐ Guardian
   d. ☐ Conservator
   e. ☐ Other (specify):

4. **Claimant** (name): Sergio Ruelas Aldaba
   a. ☑ is a minor.
   b. ☐ is an adult "person with a disability" within the meaning of Probate Code section 3603.

5. **Defendant**
   The claim or action to be compromised is asserted, or the judgment is entered, against (name of settling or judgment defendant or defendants (the "payer")):

   Michelin North America, Inc.

6. **THE COURT FINDS** that all notices required by law have been given.

7. **THE COURT ORDERS**
   a. The petition is granted and the proposed compromise of claim or action or the proposed disposition of the proceeds of the judgment is approved. The gross amount or value of the settlement or judgment in favor of claimant is $ 58,604.00
   b. The payer shall disburse the proceeds of the settlement or judgment approved by this order in the following manner:
      (1) **Payment of fees and expenses**
          Fees and expenses shall be paid by one or more checks or drafts, drawn payable to the order of the petitioner and the petitioner's attorney, if any, or directly to third parties entitled to receive payment identified in this order for the following items of expense or damage, which are hereby authorized to be paid out of the proceeds of the settlement or judgment:
          (a) ☑ Attorney fees in the total amount of: $ 19,534.67   payable to (specify):
              Watts Law Firm, L.L.P.

Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
MC-351 [Rev. January 1, 2005]

**ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR ADULT PERSON WITH A DISABILITY**
(Miscellaneous)

Code of Civil Procedure, § 372;
Probate Code, § 3500 et seq.;
Cal. Rules of Court, rules 378,
7.953
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

| CASE NAME: Aldaba, et al vs. Ford Motor Company, et al | CASE NUMBER: 04:05369 |
|---|---|

7. b. (1) (b) [✓] Reimbursement for medical and all other expenses paid by the petitioner or the petitioner's attorney in the total amount of: $ 5,409.60

(c) [ ] Medical, hospital, ambulance, nursing, and other like expenses payable directly to providers as follows, in the total amount of: $

    (i) Payee *(name)*:
       (A) Address:

       (B) Amount: $
    (ii) Payee *(name)*:
       (A) Address:

       (B) Amount: $

[ ] Continued on Attachment 7b(1)(c). *(Provide information about additional payees in the above format.)*

(d) [ ] Other authorized disbursements payable directly to third parties in the total amount of: $
*(Describe and state the amount of each item, and provide the name and address of each payee):*

[ ] Continued on Attachment 7b(1)(d).

(e) [ ] Total allowance for fees and expenses from the settlement or judgment: $ 24,944.27

(2) **Balance**
The balance of the settlement or judgment available for claimant after payment of all allowed fees and expenses is: $ 33,659.73
The balance shall be disbursed as follows:

(a) [ ] By one or more checks or drafts in the total amount of *(specify)*: $
drawn payable to the order of the petitioner as trustee for the claimant. Each such check or draft must bear an endorsement on the face or reverse that it is for deposit in one or more interest-bearing, federally insured accounts in the name of the petitioner as trustee for the claimant, and no withdrawals may be made from the accounts except as provided in the *Order to Deposit Money Into Blocked Account*, which is signed contemporaneously with this order ("blocked account").

(b) [✓] By the following method(s) *(describe each method, including the amount to be disbursed )*:
Structured settlement payable to MetLife Tower Resources group, Inc.; Tax ID No. 13-4047186

[ ] Continued on Attachment 7b(2)(b).

(c) [ ] If money is to be paid to a special needs trust under Probate Code section 3604, all statutory liens in favor of the state Department of Health Services, the state Department of Mental Health, the state Department of Developmental Services, and any city and county in California must first be satisfied by the following method *(specify)*:

[ ] Continued on Attachment 7b(2)(c).

| CASE NAME: Aldaba, et al vs. Ford Motor Company, et al | CASE NUMBER: 04:05369 |
|---|---|

8. ☐ **Further orders of the court concerning blocked accounts**
The court makes the following additional orders concerning any part of the balance ordered to be deposited in a blocked account under item 7b(2)(a):

   a. Within 48 hours of receipt of a check or draft described in item 7b(2)(a), the petitioner and the petitioner's attorney, if any, must deposit the check or draft in the petitioner's name as trustee for the claimant in one or more blocked accounts at *(specify name, branch, and address of each depository, and the amount of each account):*

   ☐ Continued on Attachment 8a.

   b. The petitioner and the petitioner's attorney, if any, must deliver to each depository at the time of deposit three copies of the *Order to Deposit Money Into Blocked Account*, which is signed contemporaneously with this order, and three copies of the *Receipt and Acknowledgment of Order to Deposit Money Into Blocked Account* ("receipt"). The petitioner or the petitioner's attorney must file a copy of the receipt with this court within 15 days of the deposit. The sole responsibilities of the petitioner and the petitioner's attorney, if any, are to place the balance in a blocked account or accounts and to timely file a copy of the receipt.

   c. The balance of the proceeds of settlement or judgment deposited in a blocked account or accounts under item 7b(2)(a) may be withdrawn only as follows *(check (1) or (2)):*

      (1) ☐ No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judge, and bearing the seal of this court. The money on deposit is not subject to escheat.

      (2) ☐ The blocked account or accounts belong to a minor. The minor was born on *(date):*
      No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judicial officer, and bearing the seal of this court, until the minor attains the age of 18 years. When the minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

9. ☑ **Authorization to execute settlement documents**
The petitioner is authorized to execute settlement documents as follows *(check only one):*

   a. ☐ Upon receipt of the full amount of the settlement sum approved by this order and the deposit of funds, the petitioner is authorized and directed to execute and deliver to the payer a full, complete, and final release and discharge of any and all claims and demands of the claimant by reason of the accident or incident described in the petition and the resultant injuries to the claimant and a properly executed dismissal with prejudice.

   b. ☑ The petitioner is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.

   c. ☐ The petitioner is authorized and directed *(specify):*

   ☐ Continued on Attachment 9c.

10. Bond is ☐ ordered and fixed in the amount of: $          ☐ not required.
11. A copy of this order shall be served on the payer forthwith.
12. ☐ **Additional orders**
The court makes the following additional orders *(specify):*

   ☐ Continued on Attachment 12.

Date: January 31, 2006

IT IS SO ORDERED
*[signature]*
Judge Marilyn H. Patel

*[Seal: United States District Court, Northern District of California]*

MC-351 [Rev. January 1, 2005]    **ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR ADULT PERSON WITH A DISABILITY** (Miscellaneous)

Page 3 of 3